IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BLAKELEY TURNER, DAMON BROOKS, DEANDRA SIMPSON, SHAMIYAN WALTON, MICHAEL HARRIS, AND ANITA SIMPSON, *Plaintiffs*, <br><br> v. <br><br> THE CINCINNATI INSURANCE COMPANY, *Defendant*. | CAUSE NO. 6:19-CV-642-ADA-JCM |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant Cincinnati Insurance Company's ("CIC" or "Defendant") Opposed Motion to Transfer (ECF No. 2), Plaintiffs Blakeley Turner, Damon Brooks, Deandra Simpson, Shamiyan Walton, Michael Harris, and Anita Simpson's (collectively, "Plaintiffs") Response (ECF No. 4), and Defendant's Reply (ECF No. 5). After having reviewed the parties' briefs, case file, and applicable law, the Court has determined that Defendant CIC's Motion to Transfer should be **DENIED**.

### I. BACKGROUND

On September 20, 2019, Plaintiffs brought suit in the 170th Judicial District Court of McLennan County, Texas. Def.'s Not. of Removal and Corporate Disclosure Statement (hereinafter "Notice of Removal"), ECF No. 1. Plaintiffs allege breach of contract claims against CIC relating to a final judgment Plaintiffs obtained in a state court negligence suit against ATI Enterprises, Inc., CIC's insured. *Id.* at 1. Plaintiffs allege CIC wrongfully denied Plaintiffs' claim for insurance coverage. *See* ECF No. 1, Ex. 2 ¶¶ 18–27. CIC removed the action to this Court pursuant to 28 U.S.C. § 1332(a) on the basis of diversity jurisdiction. Notice of Removal at 2.

1

After removing the action to this Court, CIC filed a Motion to Transfer under 28 U.S.C. § 1404(a). Def. Cincinnati Insurance Company's Opposed Mot. to Transfer Venue (hereinafter "Mot. to Transfer"), ECF No. 2. In CIC's Motion to Transfer, CIC argues transfer to the Northern District of Texas is proper because: (1) the lawsuit could have been originally filed in the proposed transferee venue and (2) the convenience of the parties and interests of justice weigh in favor of transfer. *Id.* at 4. On December 10, 2019, Plaintiffs filed a response to CIC's Motion. Pls' Opp'n to Def. The Cincinnati Insurance Company's Mot. to Transfer Venue (hereinafter "Resp."), ECF No. 4. On December 17, 2019, CIC filed a reply. Def. Cincinnati Insurance Company's Reply in Support of Mot. to Transfer (hereinafter "Reply"), ECF No. 5.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Courts maintain discretion to adjudicate motions to transfer venue on an individualized, case-by-case basis that considers convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.* 487 U.S. 22, 29 (1988).

The movant in a motion to transfer bears the burden of establishing good cause for the proposed transfer. *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *see also In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). Good cause, when viewed in the context of § 1404(a), means the movant must clearly demonstrate that a transfer is for the convenience of parties and witness, as well as in the interest of justice, in order for the movant to support its claim for a transfer. *Volkswagen II*, 545 F.3d at 315. Quite simply, when the movant demonstrates the transferee venue is clearly more convenient by weighing certain private and public interest factors, good cause exists, and the

district court should grant the motion. *Id.* However, if the movant fails to show the proposed venue is clearly more convenient than the plaintiff's chosen venue, the plaintiff's choice should prevail. *Id.*

Courts have adopted the private and public interest factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) to determine whether a § 1404 venue transfer is clearly more convenient and in the interest of justice. *Volkswagen II*, 545 F.3d at 315. The relevant private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (internal quotes omitted). The relevant public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* (internal quotes omitted). These factors are not necessarily exhaustive nor exclusive. *Id.* Moreover, a court may cannot say any of the factors alone have dispositive weight. *Id.*

Importantly, one listed factor from *Gulf Oil* carries far less weight in a § 1404 transfer. *Gulf Oil* stated an interest to consider (and the one most likely pressed) was the private interest of the plaintiff regarding its choice of forum. *See Gulf Oil*, 330 U.S. at 508. However, *Gulf Oil* was a *fourm non conveniens* case, which inherently implicates potential dismissal of the plaintiff's case. *See generally id.* Because transfer through § 1404(a) avoids dismissal unlike *forum non conveniens*, the choice of forum factor set out in *Gulf Oil* receives far less weight from courts. *Humble Oil*, 321 F.2d at 56. The difference is such because the "good cause" burden

3

discussed above "reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Volkswagen II*, 545 F.3d at 315.

### III. DISCUSSION

The Court now turns to examine Defendant CIC's § 1404(a) arguments. CIC argues the Northern District of Texas is both a proper and more convenient venue for this action. Mot. to Transfer at 8–12. CIC must show that the balance between the private interests and public interests described by the Supreme Court in *Gulf Oil* clearly establishes the Northern District of Texas as a more convenient venue than the present one. *See Volkswagen II*, 545 F.3d at 315.

In order to determine whether CIC has clearly shown the transferee venue is more convenient, consequently demonstrating good cause, the Court must weigh the private and public interest factors catalogued in *Gulf Oil*. If, when added together, the relevant private and public interest factors are in equilibrium, or even if they do not clearly lean in favor of the transferee venue, the motion must be denied. *Volkswagen II*, 545 F.3d at 315. Once again, the Court's ultimate inquiry is which forum will best serve the convenience of the parties and the interests of justice. *Koster v. Am. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 527 (1947). In this case, the relevant factors do not support CIC's motion to transfer this case.

**A. Private Interest Factors Do Not Clearly Establish the Northern District of Texas is a More Convenient Venue**

A plaintiff may not choose an inconvenient forum in order to vex, harass, or oppress a defendant by inflicting upon the defendant expense or trouble not necessary to the plaintiff's own right to pursue a remedy. *Gulf Oil*, 330 U.S. at 508. In considering private factors, the Court necessarily engages in a comparison between the hardships the defendant would suffer through the retention of jurisdiction and the hardships the plaintiff would suffer from transferring the action to the transferee venue. *Cf. Iragorri v. United Technologies Corp.*, 274 F.3d 65, 74 (2d

Cir. 2001) (stating courts engage in such a comparison for *forum non conveniens* analyses). The Court will assess each of these factors in turn.

1. **The Relative Ease of Access to Sources of Proof Does Not Support CIC's Motion**

CIC first claims the ease of access to sources of proof compared across venues is neutral.[1] Mot. to Transfer at 10. CIC maintains that the present action's threshold issues do not turn on witness testimony and factual inquiries but applications of law that a court in either venue could perform. *Id.* On the other hand, Plaintiffs contend documents and physical evidence exist within the present venue given Plaintiffs reside in this district. Resp. at 8.

The Court determines the ease of access to sources of proof factor is, at most, neutral between the parties, if not slightly in Plaintiffs' favor. CIC relies solely on what it believes a court would need to render a decision. *See* Mot. to Transfer at 10. Yet, Plaintiffs believe access to sources of proof, including documents Plaintiffs believe might be relevant, exist in Waco. Resp. at 8. CIC has not clearly shown that the documents Plaintiffs believe are relevant are as easily accessible in the Northern District of Texas. Rather, CIC cavalierly states that in "the unforeseen event issues of fact arise," the only relevant sources of proof would be CIC's employees and the insured's bankruptcy trustee. Mot. to Transfer at 10. Without a clear showing that Plaintiffs do not have any sources of proof based in Waco for a coverage suit involving a formerly Waco-based entity (i.e. ATI-Waco), CIC has not carried its necessary burden. Moreover, even if this factor weighed in CIC's favor, it could not overcome the weight of the other factors in Plaintiffs' favor.

---

[1] CIC argues only the fourth private interest factor — other factors that make trial easy, expeditious, and inexpensive — clearly demonstrates the convenience of the Northern District. Mot. to Transfer at 10–11. It claims the remaining factors are neutral. *Id.* at 10. However, because Plaintiffs raise arguments for each factor separately, the Court will address each factor.

5

## 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses Does Not Support CIC's Motion

CIC next argues the second private interest factor is neutral as well. *Id.* According to CIC, the threshold issues in this case would not turn on witness testimony. *Id.* Plaintiffs contend that they intend to call former employees of the insured, ATI-Waco, and others within the Waco area. Resp. at 9. According to Plaintiffs, because these non-party witnesses would fall within absolute subpoena power of the Court under Fed. R. Civ. P. 45, this factor ought to weigh against transfer. *Id.*

This private interest factor carries far less weight when the movant has not alleged or shown that any witnesses are unwilling to testify. *Duha v. Agrium, Inc.*, 448 F.3d 867, 877 (6th Cir. 2006). In fact, the compulsory process factor weighs against transfer when neither side claims a witness would be unwilling to testify. *Cf. Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 47 (2d Cir. 1996). When no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor. *Duha*, 448 F.3d at 877. CIC has not offered any evidence of unwillingness in their motion or reply. *See* Mot. to Transfer at 10; Reply at 3–5. Thus, this factor weighs against transfer.

## 3. The Cost of Attendance for Willing Witnesses Does Not Support CIC's Motion

CIC also states the third private interest factor, cost of attendance for willing witnesses, is neutral. Mot. to Transfer at 10. Plaintiffs, on the other hand, argue the Waco-based Plaintiffs would endure a significant increase in inconvenience if the case were moved to the transferee venue. Resp. at 9. According to Plaintiffs, CIC incorrectly asserts Plaintiffs' locations are irrelevant to this factor and never demonstrates the transferee venue is clearly more convenient. *Id.* CIC replies by placing great weight on whether Plaintiffs may litigate their issue in a so-

called *Hamel* trial. Reply at 3–5. CIC then argues Plaintiffs' convenience is of little weight in the analysis. *Id.* at 5 n.3.

Courts analyze this factor by giving broad consideration to the parties and witnesses of the claim or controversy. *In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) ("*Volkswagen I*"). Further, a court should not consider the significance of identified witnesses' testimonies. *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (5th Cir. 2009). Rather, the only consideration ought to be whether the witnesses may provide materially relevant evidence. *Id.*

To assist in analyzing this factor, the Fifth Circuit adopted a "100-mile rule." *Volkswagen I*, 371 F.3d at 204–205; *see also Volkswagen II*, 545 F.3d at 317. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–205. Consequently, the threshold question is whether the movant's proposed venue and a plaintiff's chosen venue are more than 100 miles apart. *See Volkswagen II*, 545 F.3d at 317. If the distance is greater, then a court will consider the distances between the witnesses and the two proposed venues. *See id.* Importantly, the venue need not be convenient for *all* witnesses. *Genentech*, 566 F.3d at 1345. Indeed, if a substantial number of witnesses reside in one venue and no witnesses reside in another, the factor will weigh in favor of the venue where witnesses reside. *See id.*

In analyzing this private interest factor, the Court believes it weighs in Plaintiffs' favor. CIC's assertion that Plaintiffs' convenience carries little weight in the analysis is misplaced. To support this assertion, CIC relies on *Freehold Licensing, Inc. v. Aequitatem Capital Partners, LLC*, A-18-CV-413 LY, 2018 WL 5539929 (W.D. Tex. Oct. 29, 2018). However, a simply reading of this case demonstrates the Court's reference to "little weight" refers to a plaintiff's

7

employee-witnesses. *Id.* at *7. Courts find little reason to give great weight to key witnesses' convenience if they are employees of the party seeking transfer because these witnesses' employer could compel their testimony at trial. *Id.* While the Court acknowledges the convenience of non-party witnesses carries the most weight, it notes the Court in *Freehold* considered where the non-movant's witnesses resided. *Id.*

Here, the two venues under consideration are less than 100 miles apart. Resp. at 9. Therefore, this factor never advances past the threshold inquiry. However, in the interest of completeness, the Court will proceed as if this fact were not the case. CIC concedes Plaintiffs have identified themselves as witnesses. Reply at 5 n.3. The only other identified witnesses are CIC's employees and the insured's bankruptcy trustee. Mot. to Transfer at 10. However, the Plaintiffs state they intend to call other witnesses who reside in and around the Waco area. Resp. at 9. As noted above, CIC cannot cite inconvenience of its employee-witnesses as the basis for transfer. While the insured's trustee may have to travel further, the inconvenience of parties and witnesses is not clearly diminished by the proposed transferee venue. This slight change in convenience is not entitled to significant weight. *See Genentech*, 566 F.3d at 1344 (collecting cases demonstrating this proposition for foreign witnesses). Indeed, CIC proposes transferring this action from a venue where at least some parties and witnesses reside (i.e. Plaintiffs and other potential witnesses) to a venue where *no* parties or witnesses reside. This scenario in no way clearly demonstrates transfer to the Northern District of Texas would result in more convenient litigation for the parties and witnesses. *Cf. id.* (holding a court clearly erred in finding this factor did not weigh in favor of transfer when material witnesses resided in the transferee venue and no witnesses resided in the current venue).[2]

---

[2]The Court chooses not to address CIC's contentions on the *Hamel* issue because the private interest factors do not turn on this argument. As the Court noted, the only consideration it can make regarding potential witnesses is the

8

### 4. Other Factors That Make Trial Easy, Expeditious, and Inexpensive Do Not Support CIC's Motion

CIC advances only one argument for the proposition that the other factors clearly demonstrate the proposed transferee venue is more convenient for the parties and witnesses. According to CIC, convenient and expeditious litigation favors transfer because the transferee venue could consolidate this case with a related lawsuit. Mot. to Transfer at 10. CIC claims the two suits are substantively identical and transfer would prevent litigating the same issue twice in separate courts as well as eliminate the risk of inconsistent judgments. *Id.* Plaintiffs counter no such risk exists because one lawsuit involves Waco-based Plaintiffs and CIC, while the other lawsuit involves Dallas-based Plaintiffs and a different insurer. Resp. at 10. CIC responds by stating litigating these issues in a single proceeding will save the parties and courts time and money. Reply at 3.

The Court believes this factor is neutral in its weight, or even slightly in Plaintiffs' favor. Certainly, if the cases were consolidated, this might benefit judicial economy. Again, the Court notes the proper inquiry under § 1404(a) is what is most convenient for the *parties* and witnesses. If CIC were party to both lawsuits, this factor might clearly weigh in CIC's favor. However, CIC's argument rests entirely on judicial economy because it is not party to both actions.

CIC suffers no inconvenience from not having this action consolidated with a related action in a different venue, but Plaintiffs would certainly suffer inconvenience in having their action removed from the venue in which they reside simply to consolidate the action with

---

relative materiality of each witness. *See infra* Part III.A.3. To the extent the Plaintiffs may not be material witnesses in the present action, this factor still broadly considers the convenience of the parties. *Volkswagen I*, 371 F.3d at 204. The Court believes under this scenario the factor still weighs against transfer and, at best, is neutral because CIC still seeks transfer to a venue where no parties or material witnesses reside, while Plaintiffs reside in the current venue. Moreover, as already discussed, the Court would not reach this consideration because CIC cannot meet the threshold inquiry of the "100-mile rule." *See infra* Part III.A.3.

another involving none of the same parties. The only witness who might suffer some inconvenience is the insured's trustee, but such a finding would not clearly establish the transferee venue as the more convenient venue for the parties and witnesses, especially given the possibility other witnesses reside in this venue. Moreover, CIC has not demonstrated a transfer would work in the interest of justice. Cases involving similar facts but involving different parties are often decided in different venues. Indeed, the consolidation of cases involving separate policies issued by separate insurers might harm justice if distinctions between the two sets of plaintiffs and two different defendants are not clearly articulated to the triers of fact. Therefore, CIC has not shown the final private interest factor clearly establishes the Northern District of Texas as a more convenient forum in the interest of justice.

**B.     Public Interest Factors Do Not Clearly Establish the Northern District of Texas is a More Convenient Venue**

The relevant public-interest factors also do not favor transfer. As previously noted, these factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law governing the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *Volkswagen II*, 545 F.3d at 315. The Court will also consider each of these factors in turn.

**1.  Administrative Difficulties Do Not Support CIC's Motion**

Administrative difficulties manifest when litigation accumulates in congested centers instead of being handled at its origin. *Gulf Oil*, 330 U.S. at 508. CIC argues transfer of this case would allow consolidation with the related case in the Northern District of Texas, thus allowing for a single determination of related issues in one proceeding. Mot. to Transfer at 12. Plaintiffs contest this assertion on the basis that transfer would insert an additional controversy into a

venue that has no public interest in resolving the matter. Resp. at 7. CIC counters by stating transfer and consolidation would eliminate duplicative litigation. Reply at 6.

The Court finds this factor weighs against transfer. Contrary to CIC's assertions, this action does not involve duplicative litigation. No parties in this action are involved in the Dallas-based action. Additionally, the two actions do not involve the same insurance policy or the same trade school. The only thing these two actions share are certain facts and the same insured. The Court sees no logic in complicating the issues and litigation through the transfer for consolidation when the proposed venue has little interest in one action. Such reasoning would fly in the face of judicial economy, perhaps even increasing court congestion because the cases, if consolidated, likely would last longer. Even if reasonable minds could differ, CIC has not clearly shown this factor weighs in favor of transfer. Therefore, CIC has not met its burden in this regard.

### 2. Local Interests Do Not Support CIC's Motion

Finally, CIC argues local interests weigh in favor of transfer because the dispute relates to coverage under an insurance policy issued in the Northern District of Texas, denial of coverage sent to the insured in the Northern District of Texas, and settlement of the First Coverage Lawsuit previously filed in the Northern District of Texas. Mot. to Transfer at 12. The Court disagrees. "There is a local interest in having localized controversies decided at home." *Gulf Oil*, 330 U.S. at 509. The location of the alleged injury is an important consideration when weighing this public factor. *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc*., 867 F. Supp. 2d 859, 872 (E.D. Tex. 2012). Contrary to CIC's assertions, a judgment creditor does not step into the insured's shoes in all aspects. Rather, the judgment creditor must demonstrate the insured complied with conditions precedent and the terms of the policy. *SingleEntry.com, Inc. v. St. Paul*

*Fire & Marine Ins. Co.*, 117 Fed. App'x. 933, 935 (5th Cir. 2004). On this basis, CIC cannot clearly show transferring venue is more convenient for the parties because this venue has a localized interest in having a controversy involving Waco-based plaintiffs seeking coverage for a judgment earned from injuries suffered while attending a Waco-based school. For this reason, the Court does not find that CIC has clearly demonstrated this factor weighs in favor of transfer.

3. **Familiarity with the Law and Avoiding Conflict of Laws Are Neutral**

Neither party argues the factors concerning familiarity with the law and conflicts of law are anything but neutral. Both this venue and the proposed transferee venue are in Texas. Consequently, the Court finds both of these factors are neutral.

## IV. CONCLUSION

After weighing the private and public interest factors, the Court finds Defendant CIC has failed to meet its burden to establish the Northern District of Texas as a clearly more convenient forum.

**IT IS THEREFORE ORDERED** that Defendant CIC's Motion to Transfer (ECF No. 2) is **DENIED**.

**SIGNED** this 14th day of January 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE