IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BLAKELEY TURNER, DAMON BROOKS, DEANDRA SIMPSON, SHAMIYAN WALTON, MICHAEL HARRIS, ANITA SIMPSON,<br>*Plaintiffs,*<br><br>v.<br><br>CINCINNATI INSURANCE COMPANY,<br>*Defendant.* | § § § § § § § § § § § § § | CIVIL NO. 6-19-CV-00642-ADA |

## ORDER DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT

Before the Court is Plaintiffs' Opposed Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 23. Defendant filed a Response to the Motion, after which Plaintiff filed a Reply brief. ECF Nos. 24, 28. After reviewing the briefs, the case law, and the case file, the Court finds that Plaintiffs' Motion should be **DENIED** for the reasons that follow.

### I.     BACKGROUND

Plaintiffs in this case bring a coverage claim against the Cincinnati Insurance Company ("CIC") pursuant to a default judgment obtained against CIC's insureds, Ability Holdings, Inc., ATI Enterprises, Inc., and ATI Acquisition Company (collectively "ATI"). On September 20, 2019, Plaintiffs sued CIC to access ATI's insurance policy. CIC filed a Motion to Transfer Venue, which the Court denied. *See* ECF No. 11 Order Denying Defendant's Motion to Transfer Case, at 12. On January 14, 2020, Plaintiffs filed a motion for partial summary judgment asserting CIC wrongfully denied a defense to ATI in the original lawsuit, and because of that breach, must now defend against the Plaintiffs' claims in the coverage suit. ECF No. 10.

1

Defendant responded and filed a cross-motion for summary judgment asserting that Plaintiffs had no standing to bring the coverage suit, ATI's settlement and release agreement with CIC bars Plaintiffs' claim, and the policy does not provide coverage. ECF No. 16. Ultimately, the Court agreed with CIC and granted summary judgment in favor of CIC.

On April 9, 2020, Plaintiffs' filed the instant motion, arguing that the "summary judgment granted to Cincinnati constitutes a manifest error of law and it should be altered and/or vacated to deny the granted summary judgment." Mot. at 1. Defendant filed a response to Plaintiffs' Motion, and Plaintiff filed a reply in support of their Motion.

## II.   LEGAL STANDARD

A Federal Rule of Civil Procedure 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479. In order for a court to grant such a motion, it must (1) clearly establish either a manifest error of law or fact, (2) present newly discovered evidence, or (3) be based upon an intervening change in controlling law. *Def. Distributed v. Grewal*, No. 1:18-CV-637-RP, 2019 U.S. Dist. LEXIS 109422, at *2 (W.D. Tex. 2019). To establish a manifest error of law or fact, as Plaintiffs assert in their Motion, the moving party must cite controlling law or evidence that directly and indisputably conflicts with the Court's analysis demonstrating that the court disregarded controlling law or facts in the record. *Rodriguez v. Bank of Am.*, *N.A.*, No. SA-12_CV-905-DAE, 2013 U.S. Dist. LEXIS 157260, at *5 (W.D. Tex. 2013). Conversely, "[a] motion to reconsider based on recycled arguments only serves to waste the resources of the court." *Bernal v. Davis*, No. MO:18-CV-00074-DC, 2018 U.S. Dist. LEXIS 229488, at *10 (W.D. Tex. 2018) (quoting *State v. Sprint Comm. Co.*, 899 F.Supp. 282, 284 (M.D. La. 1995)).

### III. ANALYSIS

Plaintiffs main argument hinges on the belief that the Court erred in its interpretation of the *Hamel* case. ECF No. 23 at 2; *see Great American Ins. Co. v. Hamel*, 525 S.W.3d 655 (Tex. 2017). Plaintiffs contend that the *Hamel* case does not stand for the proposition that a claimant must have a judgment resulting from a fully adversarial trial or a valid assignment. *Id.*

In response, Defendant argues that Plaintiffs' Motion fails to meet the strict standard required for altering the Order. ECF No. 24 at 5. Specifically, Defendant contends that Plaintiffs do not offer any new evidence and do not cite any authorities not already mentioned in the summary judgment briefing and in the Order itself. *Id.*

Because of the complicated area of law involved in this case, the Court will clarify its opinion. In the Summary Judgment Order, the Court wrote that "the *Hamel* opinion expressed that a claimant against an insurer obtains standing to litigate a coverage trial through either a judgment resulting from a fully adversarial trial or a valid assignment." ECF No. 21 at 6. This proposition does not have any direct textual support within the *Hamel* opinion. However, the Court finds that this proposition is implicit within the opinion. Additionally, the Court finds that the *Landmark* court directly states the proposition within its opinion.

First, two cases cited by the Texas Supreme Court in *Hamel* provide support for the Court's reasoning: *Block* and *ATOFINA*. In *Block*, the defendant sued its insurer for failure to defend under the insurance policy, and the plaintiffs intervened as judgment creditors and assignees seeking recovery of the judgment. *Employers Cas. Co. v. Block*, 744 S.W.2d 940, 942 (Tex. 1988), *disapproved of by State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996). In *ATOFINA*, the insured defendant sued the insurer directly after they settled with the

3

plaintiff. *Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660, 673 (Tex. 2008). The insured defendant "settled without knowing whether or not it would be covered by the policy, leaving in place its motive to minimize the settlement amount in case it became solely responsible for payment." *Id.* at 674. Even though the defendant settled the case, the plaintiff in *Block* still had the standing to sue because of the assignment by the insured defendant. The plaintiff in *ATOFINA* did not have the standing to sue, however, because they became a judgment creditor through a settlement agreement, and the defendant did not assign the coverage.

Another case cited within the *Hamel* opinion is also instructive. In *Gandy*, the court held that "a defendant's assignment of his claims against his insurer to a plaintiff is invalid if it is made before an adjudication of plaintiff's claim against defendant in a fully adversarial trial." *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996). While the court focused on the validity of the assignment, the standing issue is implicit within the opinion. The plaintiff was both a judgment creditor and an assignee. *Id.* at 698. Because the assignment was not valid, and the judgment was not the result of a fully adversarial trial, the plaintiff did not have the standing to sue over the coverage. *Id.* at 714.

The *Hamel* opinion added clarity to the 1996 holding of *Gandy*. In *Hamel*, the court addressed the meaning of the term "fully adversarial trial." *Great Am. Ins. Co. v. Hamel*, 525 S.W.3d 655, 663 (Tex. 2017). "Today we clarify that the controlling factor is whether, at the time of the underlying trial or settlement, the insured bore an actual risk of liability for the damages awarded or agreed upon, or had some other meaningful incentive to ensure that the judgment or settlement accurately reflects the plaintiff's damages and thus the defendant— insured's covered liability loss." *Id.* at 666. The court held that the judgment against the insured party "was not the product of a fully adversarial proceeding because the parties entered into an

agreement that eliminated any meaningful incentive for the [insured] to contest the [plaintiff's] claims." *Great Am. Ins. Co. v. Hamel*, 525 S.W.3d 655, 670–71 (Tex. 2017). Again, the court did not address the issue of standing for a judgment creditor. However, the standing issue is implicit. The plaintiff had the standing to sue the insurer because the plaintiff was both a judgment creditor and an assignee. *Id.* at 661.

The issue of standing finds direct textual support from the *Landmark* case. "In Texas, the general rule . . . is that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment." *In re Essex Ins. Co.*, 450 S.W.3d 524, 525 (Tex. 2014). "This general rule has been described as the 'no direct action' rule." *Landmark Am. Ins. Co. v. Eagle Supply & Mfg. L.P.*, 530 S.W.3d 761, 767 (Tex. App. 2017). Consequently, a claimant cannot bring a cause of action as a judgment creditor when the judgment does not result from a fully adversarial trial. *Id.* at 772.

In this case, Plaintiffs' judgment was not the result of a fully adversarial trial because of the default judgment. *See* ECF No. 2-4 at 4–5; *CBX Res., LLC v. Ace Am. Ins. Co.*, 320 F. Supp. 3d 853, 856 (W.D. Tex. 2018) (holding default judgment entered in favor of claimant was not adversarial and therefore not binding). Thus, although Plaintiffs are judgment creditors, the fact that the judgment was not the result of a fully adversarial trial is dispositive because Plaintiffs lack the standing to sue.[1] Accordingly, the Court upholds its decision reached in the Summary Judgment Motion, and the Motion to Alter Judgment must be denied.

---

[1] Plaintiff's also are not assignees of the insured. *See* ECF No. 21.

## IV.    CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion to Alter Judgment.

**SIGNED** this 2nd day of June, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE