**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **BLAKELEY TURNER, DAMON** | § | |
| **BROOKS, DEANDRA SIMPSON,** | § | |
| **SHAMIYAN WALTON, MICHAEL** | § | **CIVIL NO. 6-19-CV-00642-ADA** |
| **HARRIS, ANITA SIMPSON,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CINCINNATI INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | |

## ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO INTERVENE

Before the Court is Levy's Opposed Motion for Leave to Intervene. ECF No. 27. Defendant filed a Response to the Motion, after which Levy filed a Reply brief. ECF Nos. 32, 33. After reviewing the briefs, the case law, and the case file, the Court finds that Plaintiffs' Motion should be **DENIED** for the reasons that follow.

### I.    BACKGROUND

On March 12, 2020, the Court granted Defendant's summary judgment on two bases: (1) Plaintiffs lacked standing to bring a direct action against Defendant because they did not obtain an adversarial judgment or an assignment from the insureds, and (2) the Policy did not cover the Bartlett Lawsuit because it constituted a single Claim with the Nelson Lawsuit, which was made prior to the Policy's policy period. ECF No. 21 at 5–10. Four days later, the Court entered final judgment. ECF No. 22.

On April 6, 2020, Plaintiffs filed a motion in the underlying state court (the "Transfer Motion") to obtain "ownership" of any coverage claims held by ATI Enterprises, Inc, ATI Acquisition Company, and Ability Holdings, Inc. (collectively, "ATI"). ECF No. 27-3 at 1.

1

Plaintiffs further sought appointment of a receiver, Charles Levy, of the claims on Plaintiffs' behalf. *Id.* at 12. Plaintiffs did not notify anyone associated with ATI or CIC of the Transfer Motion. *Id.* at 9. Nor did Plaintiffs disclose to the state court this coverage litigation or this Court's summary judgment decision. *Id.* at 5–9.

Three days later, Plaintiffs filed a Motion to Alter Judgment in this Court, thereby extending their time to appeal the Court's summary judgment order. ECF No. 23. Plaintiffs' motion asserted that this Court's decision constated a manifest error of law or fact, *Id.*

On April 21, 2020, the underlying state court granted Plaintiffs' Transfer Motion (the "Transfer Order") because "such policies may provide coverage" for the default judgment in the Nelson Lawsuit. ECF No. 27-4 at 1. Thus, the court transferred "all claims and causes of action Plaintiffs or nominal defendant ATI may have arising out of the [Bartlett Lawsuit]" to the receiver, Levy. *Id.* As a result, Levy, acting by and through the same counsel as Plaintiffs' counsel, moved for leave to intervene in this action on April 23, 2020. ECF No. 27 at 6.

## II.  LEGAL STANDARD

Rule 24(b) states "on timely motion, the court may permit anyone to intervene who: . . . (b) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervenors must show: (1) an independent ground for subject matter jurisdiction, (2) a timely motion, and (3) a claim or defense that has a question of law or fact in common with the main action. *In re Enron Corp. Sec., Derivative & Erisa" Litig.*, 229 F.R.D. 126, 130 (S.D. Tex. 2005).

### III.     ANALYSIS

Defendant urges this Court to deny the Motion because the proposed intervention serves no purpose. Specifically, Defendants point out that Levy merely seeks to relitigate the Court's finding that no insurance coverage is available under the policy. *See* ECF No. 21 at 10.

Levy does not directly contest Defendant's argument that no insurance coverage is available under the policy. *See* ECF No. 27, 33. Instead, Levy only argues that this Motion would fix the lack of standing found in the motion for summary judgment. *Id.* Levy states that Plaintiffs have an economic stake in the outcome of the coverage determination; thus, in order to assert Plaintiffs' cause of action, Levy needs to be a party to this lawsuit. ECF No. 27 at 4.

The Court rejects Levy's request to intervene in this lawsuit. As stated in the motion for summary judgment, this Court found that the Nelson Lawsuit and the Bartlett Lawsuit were sufficiently related to constitute a single claim under the policy's provisions. ECF No. 21 at 10. Because they constitute a single claim, neither Plaintiffs nor Levy have a claim for coverage under the insurance policy. *Id.* Thus, intervention under Rule 24 would not cure the situation for Plaintiffs' stated causes of action against Defendant. Accordingly, the Court denies Levy's Motion.

### IV.     CONCLUSION

Based on the foregoing, the Court **DENIES** Levy's Motion to Intervene.

**SIGNED** this 2nd day of June, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE